UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CYNTHIA "CINDY" FOSS, HUNTER FOSS DESIGN & INTEREST, <br>         Plaintiffs, <br><br> v. <br><br> MARVIC, INC. D/B/A BRADY-BUILT SUNROOMS, BRADY-BUILT., JOHN DOES, CHARTER COMMUNICATIONS, INC., CHARTER COMMUNICATIONS, LLC, <br><br>         Defendants. | Civ. No.: 4:20-cv-40057-MRG |

## ORDER ON DEFENDANTS' MOTION FOR THE ISSUANCE OF A REQUEST TO THE REGISTER OF COPYRIGHT, [ECF No. 102]

**GUZMAN, J.**

Cynthia Foss ("Plaintiff" or "Foss") brings this suit against Marvic, Inc. ("Marvic") and Brady-Built Sunrooms ("Brady-Built") (collectively, "Defendants") alleging infringement of her copyright for a brochure produced on Marvic's behalf in 2006. [ECF No. 9]. Defendants move this Court to issue a request to the Copyright Office, pursuant to § 411(b)(2) of the Copyright Act, to advise whether that Office would have refused registration if it knew that certain information included in the underlying registration application was inaccurate. [See ECF Nos. 102, 107]; 17 U.S.C. § 411(b)(2).

For the reasons stated below, the Motion for the Issuance of a Request to the Register of Copyright, [ECF No. 102], is **GRANTED.**

    **I.    BACKGROUND**

        **a.  Procedural History**

1

This case has a lengthy procedural history, which has been properly outlined by previous court decisions, including Foss v. Marvic et al., 103 F. 4th 887 (1st Cir. 2024). [ECF No. 76 at 2-9]. This Court will not repeat the eight-year history once more. In short, the case involving Marvic's 2006 Brochure was initiated in January 2018, where summary judgment was later granted for the Defendants. See Foss v. Marvic, 365 F. Supp. 3d 164 (D. Mass. 2019) ("Action I"). The present action was filed on May 22, 2020 ("Action II"). [ECF No. 1]. Ms. Foss has brought two appeals before the First Circuit regarding the brochure at issue here. See Foss v. Marvic Inc., 994 F. 3d 57 (1st Cir. 2021) ("Appeal I"); Foss v. Marvic et al., 103 F. 4th 887 (1st Cir. 2024) ("Appeal II"). At the conclusion of the second appeal, one claim remains in the case for the District Court's consideration at summary judgment, Ms. Foss's copyright infringement claim against Marvic and Brady-Built.

b. **The Brochure**

Around 2006, Marvic hired Cynthia Foss to update the pre-existing Marvic 2003 Brochure. [ECF No. 107 at 3]. Marvic, prior to its contract with Ms. Foss, had been using brochures to market its products and services for approximately a decade. [Id. at 3; ECF No. 99 ¶ 5]. The 2003 Brochure was twenty pages long consisting of paragraphs of texts, images, customer testimonials, and photographs. [ECF No. 107 at 3]. "On page 2 of the 2003 Brochure, the bottom left-hand corner bears the notation '© Marvic, Inc. 2003'". [Id.]. Ms. Foss was given the 2003 Brochure as a reference for her work. [Id.] The 2006 Brochure created by Foss was twenty pages long, and included many of the same paragraphs of texts, images, customer testimonials, and photographs provided by Marvic and the notation "© 2006 Marvic, Inc." [Id.] In Ms. Foss's deposition testimony she states that she "obviously worked a lot out of [Marvic's] old brochure" when creating the 2006 Brochure. [Id. (citing Ex. 2, 149:6-12)].

2

### c. Foss's Application to the US Copyright Office

In 2018, during the pendency of her first litigation, Foss applied to the U.S. Copyright Office ("Copyright Office") for her work on the 2006 Brochure. [ECF No. 99 ¶ 60]. Over a ten-month period, Foss applied for a copyright registration on at least three occasions, and her application for registration was denied twice. [ECF No. 107 at 5-8].

Foss first applied for copyright registration (No. 1-6335069771) on February 28, 2018, as "One Work by One Author," titling the work "Brady Built Sunrooms Catalog Design © 2006 Hunter Foss Design" and listing "Cynthia Alyson Foss" as the sole author. [ECF No. 107 at 5 (citing Ex. 7 at 23)]. Defendants argue that for these applications, "Foss knew that (1) Marvic provided the text, photographs, and illustrations . . . contained therein, (2) the 2006 Brochure was based on the 2003 Brochure, and (3) Foss herself added '© 2006 Marvic, Inc.' to page 2 of the 2006 Brochure." [ECF No. 107 at 5 (citing Ex. 7 at 23)].

Approximately, ten months later, on December 4, 2018, an agent from the Copyright Office informed Foss that it would not "'register a claim in artwork that is based only on the format, layout or the arrangement of material on the printed page or a webpage' because 'copyright cannot protect the layout, format, or overall graphic design of a page'" and requested Foss identify what she sought to register. [ECF No. 107 at 6 (citing Ex. 7 at 23)]. Foss relayed to the Copyright Office that she "created the whole 20 pages of graphic works into 1 whole full catalog of design." [Id.] In response, on December 12, 2018, the Copyright Office subsequently denied Foss's Application (No. 1-6335069771) because Foss was not the author of the photographs or text. [Id.].

On March 19, 2018, while her first application was still pending, Foss filed a second application for registration (No. 1-6400839751) wherein she titled the work "Brady-Built Sunrooms 20 pg. Brochure Design © Hunter Foss Design 2006" and listed the author as "Cynthia

Alyson Foss." [Id. at 5]. The second application (No. 1-6400839751) was denied in November 2018, because Foss's application "was filed to cover the design and layout of the catalog" and "[c]opyright does not protect familiar symbols or designs; basic geometric shapes; words and short phrases such as names, titles, and slogans; or mere variations of typographic ornamentation, lettering or coloring." [Id. at 7]

Finally, Ms. Foss on December 3, 2018, applied for registration for the third time (No. 1-6294803781) [Id.]. On this application, Ms. Foss adjusted her application, listing the authors as "Cynthia Alyson Foss," "Cynthia Foss dba Hunter Foss Design, Inc.," and "Marvic Inc. dba Brady-Buikt [sic] Sunrooms, Inc." [Id.]. Two days later, an agent from the Copyright Office asked Foss to specify the "artwork" she was seeking to register. [Id.]. Foss informed the agent that she was "'the exclusive author and claimant to [the 2006 Brochure]' and that '[a]ll 20 pages of graphics were created only by [Foss],' and further requested that the Copyright Office remove 'Marvic dba Brady-Built' as an author." [Id.]

## II.  LEGAL STANDARD

To succeed on a claim of copyright infringement under 17 U.S.C. §§ 106 (1)-(3), (5), Ms. Foss must "establish 1) ownership of a valid copyright, and 2) copying of constituent elements of the work that are original." Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991); Strike 3 Holdings, LLC v. Doe, 757 F.Supp.3d 99, 103, 103 (D. Mass. 2024). An essential element of a copyright infringement claim is to possess a valid copyright registration. 17 U.S.C. § 411(a).

Before a Court may nullify a copyright registration, the Court must obtain an opinion from the Copyright Office confirming that the Register would have denied the application if it were presented with the relevant facts of the litigation. 17 U.S.C. § 411(b)(2) ("In any case in which inaccurate information . . . is alleged, the court *shall* request the Register of Copyrights to advise

the court whether the inaccurate information, if known, would have caused the Register of Copyrights to refuse registration.") (emphasis added); see Palmer/Kane LLC v. Rosen Book Works LLC, 188 F. Supp.3d 347, 348 (S.D.N.Y. 2016) (citing cases); see generally, Lopez v. Davis, 531 U.S. 230, 241 (2001) (noting Congress's use of the word "'shall' to impose discretionless obligations). A court must request advice from the Copyright Office when there are allegations that the inaccurate information "was included on the application for copyright registration with knowledge that it was inaccurate," and not a mere good-faith mistake. 17 U.S.C. § 411(b)(1)(A); Unicolors, Inc. v. H&M Hennes & Mauritz, L.P., 595 U.S. 178, 187 (2022) (holding that "it would make no sense if §411(b) left copyright registrations exposed to invalidation based on applicants' good-faith misunderstandings of the details of copyright law.")

### III.  DISCUSSION

Plaintiff's only remaining claim in this case is one for copyright infringement. [See ECF No. 75, Appeal II, Decision]. Plaintiff in her Amended Complaint asserts that Marvic, Brady Built, and its John Doe employees directly and/or indirectly infringed Ms. Foss' copyright in the brochure through reproduction, derivation, distribution, and display. [Am. Compl., ECF No. 9 ¶¶ 68-72].

Defendants argue that Plaintiff Foss knowingly misrepresented her work to the Copyright Office to obtain a Copyright in work product that was not copyrightable, and therefore she is not the rightful owner of the copyright associated with the 2006 Brochure. [See generally, ECF Nos. 96, 97, 107]. In response to Ms. Foss's deposition testimony, Defendants petitioned this Court without opposition to issue a request of the Copyright Office to inquire whether her copyright registration would have been refused had the Copyright Office known the context of her depositions taken on January 15 and 27, 2025. [ECF No. 107].

The Defendants, in their motion for issuance, argue that Foss, on her third attempt to receive a copyright registration, intentionally misrepresented her contributions to the 2006 Brochure, adjusting her application after two denials to state that she was the sole author and owner of the 2006 brochure. [ECF No. 107 at 5 (citing Ex. 7 at 23)]. The Defendants in their motion, outline how Ms. Foss adjusted her registration application after communications with the Copyright Office, eventually claiming to the Register that she was "the exclusive author and claimant to this graphic work. All 20 pages of graphics were created only by me," intentionally misrepresenting the fact that the photos, illustrations, and the text were pulled from the 2003 Brochure. [Id. at 5-8]. Defendants assert that the misrepresentations made by Ms. Foss in her applications were material and require the invalidation of her copyright registration. Id.; § 411(b)(1)(B). Plaintiff has not filed any opposition or presented any argument against the issuance of the letter to the Copyright Office.

After careful review of the Defendants' pending motions, the Court determined that Defendants met their burden to satisfy the statutory criteria for a mandatory referral, and the Court is obligated to send a letter to the Copyright Office in this action pursuant to 17 U.S.C. § 411(b)(2). On August 4, 2025, during a virtual status conference, the Court requested that the parties confer regarding the language of their proposed questions with the objective of reaching agreement on appropriate phrasing and file a joint draft letter to issue to the Copyright Office. [ECF No. 122]. The parties were unable to reach an agreement on proposed language, therefore, the Court will draft the letter with consideration to the parties' separate filings. [ECF Nos. 123, 124]. The letter will be promptly issued to the Copyright Office to determine the copyright registrations' validity.

## IV. CONCLUSION

For the reasons stated above, the Motion for the Issuance of a Request to the Register of Copyrights is **GRANTED**. [ECF No. 102].

**SO ORDERED.**

Dated: January 6, 2026

                                                /s/ Margaret R. Guzman
                                                Margaret R. Guzman
                                                United States District Judge